**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SANG H. SHIN DMD PC** | § | **CASE NO. 21-30554** |
| **DBA SHINY DENTAL** | § | |
| | § | **(Chapter 11)** |
| **DEBTOR IN POSSESSION** | § | |

**AMENDED PLAN OF REORGANIZATION**
**(1-14-22)**

TO THE HONORABLE **JUDGE EDUARDO V. RODRIGUEZ**, ALL CREDITORS AND PARTIES-IN-INTEREST:

NOW COMES, SANG H. SHIN, DMD, PC DBA SHINY DENTAL, Debtor herein and proposes the following Plan of Reorganization pursuant to Chapter 11 of Title 11, United States Code, stating as follows:

**ARTICLE I.**

### A. Definitions

For the purposes of this Plan, the following terms shall have the respective meanings hereinafter set forth:

Accountants shall mean any one of the firms or individual accountants or bookkeepers which the Debtor shall choose or designate.

Accounting Principles shall mean generally accepted accounting principles applied by Debtor with respect to their financial statements applied on a basis consistent with such financial statements.

Affiliates, with references to any person shall mean a spouse or such person, any relative (by blood, adoption, or marriage) of such person within the third degree. The term "control" shall mean the possession, directly or indirectly of the power to direct or cause the direction of the management policies of the person, whether through ownership or by contract, or otherwise.

1

Allowed Borrowed Money Claim shall mean an allowed claim arising from indebtedness for borrowed money which is entitled to payment, and which proof of claim has not been disputed by Debtor has been deemed allowed by the Court.

Allowed Claim shall mean a claim (a) with respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3001 or (b) scheduled in the list of creditors prepared and filed with the Court under Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitations fixed by Bankruptcy Rule 3001 or an order of this court, or as to which any such objection has been determined by an order or judgment, which is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceedings are pending.

Allowed Interest shall mean an interest (a) with respect to which proof of interest has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3001 as to which the objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Bankruptcy Rule 3001 or an order of this Court, or as to which any such objection has been determined by an order of judgment, which is no longer subject to appeal or certiorari proceedings and as to which an appeal or certiorari proceeding is pending.

Allowed Secured Claim shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under Section 553 of the Code, to the extent of the amount subject to such setoff, as the case may be.

Claim shall mean any right to pay, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured.

Class shall mean any class in which allowed claims or allowed interest are classified under Article III.

Code or Bankruptcy Code shall mean Chapter 11 of Title 11, United States Code, *et seq.*, and any amendments thereto.

Confirmation Date shall mean the date upon which the order of confirmation is entered by the Court.

Court shall mean the Honorable EDUARDO V. RODRIGUEZ from the United States Bankruptcy Court for the Southern District of Texas, Houston Division, in whose Court Debtor's Chapter 11 case is pending.

Debtor or Debtor-in-Possession shall mean SANG H. SHIN, DMD, PC  DBA SHINY DENTAL

Distribution Account shall mean the consideration to be distributed to holders of allowed claims on the distribution date (and the corresponding consideration payable to holders of claims or interests which may have not been allowed as of the distribution date) and any account or accounts into which such consideration has been deposited.

Distribution Date shall mean thirty (30) days from the date the order of confirmation becomes non-appealable.

Event of Default shall mean any event described hereinbelow in this Plan of Reorganization.

Fiscal Year shall mean the fiscal year of 2021, which is the twelve (12) month period ending December 31 of each year.

Indebtedness, as applied to any person shall mean:

(i) All indebtedness or other obligations of the person for borrowed money or for the deferred purchase of property or services;

(ii) All indebtedness of the person, contingent, direct or otherwise, secured (or for which the holder of such indebtedness has an existing right, contingent or otherwise to be secured) by any mortgage, pledge, lien, security interest, or vendor's interest under any conditional sale or other title retention agreement existing on any property or asset owned or held by the person, whether or not the indebtedness secured thereby shall have been assumed by the person (hereinafter "secured"); or

(iii) All indebtedness of others, secured or under-secured, directly or indirectly guaranteed, endorsed, or discounted with recourse by the person, or with respect of which the person is otherwise directly or indirectly liable, including without limitation, indebtedness in effect guaranteed by the person through any agreement (contingent or otherwise) to purchase, repurchase or otherwise acquire such indebtedness or any security therefore, or to provide funds for the payment or discharge of such indebtedness (whether in the form of loans, advances, stock purchases, capital contributions, or otherwise), or to maintain the solvency or any balance sheet or other financial condition of the obligor of such indebtedness, or to make payment for any products, materials or supplies for any products, materials, or supplies or any transportation or services regardless of the non-delivery or non-furnishings thereof.

Order of Confirmation shall mean the order entered by this Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, which order is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceeding is pending.

Person shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government of any agency or political subdivision.

Petition Date shall mean February 11, 2021, the date on which Debtor filed for relief under Chapter 11.

Plan shall mean this Plan of Reorganization and any amendments thereto, under the terms hereof or modified under the Code.

Plan Debt shall have the meaning specified herein below in the Plan of Reorganization.

Plan Subordinated Debt shall have the meaning specified herein below in the Plan of Reorganization.

Prohibited Transactions shall have the meaning given such term by section 4975 of the Internal Revenue Code, as amended (Tax Reform Act of 1986).

Pro-Rata shall mean with respect to any holder of Plan Debt or Plan Subordinated Debt, in the same proportion that the amount of such Plan Debt or Subordinated Debt bears to the aggregate amount of the Plan Debt or the Plan Subordinated Debt, as the case may be.

Rules shall mean the Bankruptcy Rules, as amended, and subject to the Local Rules of the Southern District of Texas, as adopted by the Court, unless otherwise stated.

S.E.C. shall mean the United States of America, Division of Securities and Exchange Commission, or any successor agency.

Tax Benefit shall mean savings or the ability to realize savings arising from utilization of a net operating loss in determining taxable income under Section 63 of the Internal Revenue Service Code of 1954, as amended (Tax Reform Act of 1986).

## ARTICLE II.

### A. Classification of Claims Under the Plan.

| | |
|---|---|
| Class 1 | Priority Claims |
| Class 2 | Secured Claims |
| Class 3 | Unsecured Claims |
| Class 4 | Equity Security Holders |

### Class 1 - Priority Claims

Class 1 consists of claims entitled to priority. These claims are as follows: NONE

### Class 2 - Secured Claims

Class 2 consists of secured claims, which are claims that have a security interest and are entitled to priority under the Code. Debtor is aware of three (3) such claims at this time, as follows:

| 1. | Harris County, et al | $1,361.97 |
| 2. | Alief Independent School District | $2,584.04 |
| 3. | City of Houston | $1,164.52 |

### Class 3- General Unsecured Claims

Class 3 consists of any general unsecured claims, which are claims which have no security and are not entitled to priority under the Code. Debtor is aware of three (3) such claims at this time, as follows:

| 1. | American Express National Bank | $ 3,884.96 |
| 2. | JPMorgan Chase Bank, N.A. | $ 78,304.52 |
| 3. | Kabbage | $ 31,041.42 |

### 4. Class 4 - Equity Security Holders Claims

The Equity Security Holders consist of persons who hold Class A common stock in Debtor. These consist of one (1) person, and his attendant ownership is as follows:

1.   Dr. Sang H. Shin, DMD                                                          100% Ownership

### B. Treatment of Claims and Interests

The following page represents Debtor's estimates of recovery to creditors under the proposed Chapter 11 Plan of Reorganization:

### ESTIMATED RECOVERIES UNDER CHAPTER 11 PLAN

### Budget Information

### Analysis of Plan.

A. Duration ................................................................................................... 120 Months
B. Date Payments Start (estimated) ................................................................*30 days from the date an order of confirmation is entered by the court.*

C. Claims Against the Estate.

The Debtor's obligations consist of the following:

**C1. Administrative Expenses\*.**

| Administrative Creditor | Consideration | Estimated Claim |
|---|---|---|
| Samuel L. Milledge | Attorney's Fees-11 USC §503(b) | $25,000.00 |
| United States Trustee | Quarterly Fees- (Ongoing Claim) | $   325.00 |
| **TOTAL ESTIMATED ADMINISTRATIVE CLAIMS** | | **$25,325.00** |

\*Administrative expenses are claims for professional fees (including attorneys, accountants, and other court-approved professionals), and United States Trustee quarterly fees. The Court must first approve professional fees. These figures are estimates only.

United States Trustee's quarterly fees are ongoing  The reorganized debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred under 28 U.S.C. §1930(a)(6).  Any fees due as of the date of confirmation of the plan will be paid in full on the effective date of the plan.  After confirmation, the reorganized debtor shall pay the United States Trustee quarterly fees as they accrue until this case is closed by the Court.  The reorganized debtor shall file with the Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) that the case remains open in a format prescribed by the United States Trustee.

**C2  Projected  Income and Expense**

At present, Debtor is only operating out of one facility for reorganizational purposes. Debtor does not intend to expand its operation to include more locations.  Debtor may expand the number of staff members if the continued growth of the practice requires such.

## CURRENT AVERAGE BUSINESS INCOME AND EXPENSES

Actual Monthly Income
Based on Bank Statements and Monthly Operating Reports

| Month | Starting Balance | Expense | Carry Over Balance and Profit |
|---|---|---|---|
| March | $40,952.95 | $35,187.01 | $ 5,765.94 |
| April | $ 8,628.17 | $ 8,545.19 | $    82.98 |
| May | $16,064.25 | $ 5,582.91 | $10,481.34 |
| June | $23,258.57 | $14,442.15 | $ 8,816.42 |
| July | $45,772.10 | $40,019.82 | $ 5752.28 |
| August | $71,298.92 | $71,251.28 | $    47.64 |
| September | $56,962.85 | $50,840.52 | $ 6,122.33 |
| October | $47,459.89 | $40,824.60 | $ 6,635.29 |
| November | $47,055.78 | $47,068.31 | $   -12.53 |
| **Average** | **$39,717.05** | **$34,862.42** | **$ 4,854.63** |

## PROJECTED BUSINESS INCOME AND EXPENSES

PART A - ESTIMATED AVERAGE FUTURE GROSS
  2. Gross Monthly Income:                                             **$39,717.05**

PART B - ESTIMATED AVERAGE FUTURE
MONTHLY EXPENSES:

  3. Net Employee Payroll (Other Than Debtor):     **$12,211.37**

  4. Payroll Taxes:                                **$2,526.38**

  5. Unemployment Taxes:                           **$1,262.25**

  6. Worker's Compensation:                          **$350.00**

  7. Other Taxes:                                    **$250.00**

  8. Lab:                                          **$2,500.00**

  9. Malpractice Insurance:                          **$200.00**

  10. Rent (other than debtor's principal *residence):*  **$3,000.00**

  11. Utilities:                                     **$875.00**

  12. Office Expenses and Supplies:                **$2000.00**

  13. Dental Software:                               **$250.00**

  14. Maintenance:                                   **$300.00**

  15. Travel and Entertainment:                        **$0.00**

  16. Equipment Rental and Leases:                     **$0.00**

  17. Legal/Accounting/Other Professional Fees:        **$0.00**

7

| | |
|---|---|
| 18. Insurance: | **$0.00** |
| 19. Employee Benefits (e.g., pension, medical, etc.): | **$.00** |
| 20. Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition Business Debts (Specify): | **None** |
| 21. Other (Specify): | |
| **Contract Labor** | **$0.00** |
| Shipping | **$0.00** |
| 22. Total Monthly Expenses (Add items 3-21) | **$25,725,00** |
| PART D - ESTIMATED AVERAGE NET MONTHLY | |
| 23. AVERAGE NET MONTHLY INCOME (Subtract item **22** from item 2): | **$13,992.05** |

**FUNDING OF THE PLAN**

**Currently, Debtor has temporarily downsized its dental operations in Houston to one staff. This is due to plumbing and electrical issues raised by the city of Houston. The debtor is contracting its services to a dental office in El Paso, Texas to make up lost revenues due to its plumbing and electrical issues with the city of Houston being resolved. Debtor contracts its services in El Paso 4 days per week at $1,000.00 per day. The debtor is servicing patients on a limited basis of 2 days per week in its Houston office until the plumbing and electrical issues with the city of Houston are resolved.**

**Debtor's bank statements and monthly operating reports show an average monthly disposable income of $ 4,854.63. The projected monthly distributions to creditor classes are $1,397.64 for the first 12 months and drop to 911.20 for the remainder of the plan terms.**

**SUMMARY OF PROJECTED MONTHLY DISTRIBUTIONS TO CREDITOR CLASSES COMBINED TOTAL: $1,397.64**

**C3. Class 1 - Priority Claims.  NONE**

8

**C4. Class 2 - Security Claims.**

| Creditor | Amount Claimed or Scheduled | Interest Rate | Monthly Payment | Duration in Months | Total |
|---|---|---|---|---|---|
| Harris County, et al | $1,361.97 | 12.00% | $121.01 | 12 months – the first beginning 30 days after confirmation order entered by the court | $1,452.11 |
| Alief Independent School District | $2,584.04 | 12.00% | $229.59 | 12 months – the first month beginning 30 days after confirmation order entered by the court | $2,755.07 |
| City of Houston. | $1,164.52 | 12.00% | $103.47 | 12 months – the first month beginning 30 days after confirmation order entered by the court | $1,241.59 |
| **Totals…………** | **$5,110.53** | | **$454.07** | | **$ 5,448.77** |

**\*Post-Petition taxes for tax 2022 and subsequent years will be paid in the ordinary course of business prior to delinquency. Failure to pay such taxes is an event to default under the plan. Taxing Entities, as mentioned above, are entitled to commence collection action under Texas law and in state court in the event of a default in payment under the plan.**

**In the event of any failure of the reorganized debtor to timely make its required plan payments to Harris County, including taxes owed for the tax year 2022, prior to delinquency, either of which shall constitute an event of default under the Plan as to Harris County, Harris County shall send notice of such default to the reorganized debtor. If the default is not cured within fourteen (14) days of the date of such notice, Harris County may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court and without further notice.**

### C5. Class 3 - General Unsecured Claims.

| Creditor | Amount Claimed or Scheduled | Estimated Distribution | Monthly Payment | Duration in Months | Total |
|---|---|---|---|---|---|
| American Express National Bank | $ 3,884.96 | 100% | $ 32.37 | 120 | $ 32.37 |
| JPMorgan Chase Bank, N.A. | $ 78,304.52 | 100% | $ 652.53 | 120 | $ 78,304.52 |
| Kabbage | $ 31,041.42 | 100% | $ 258.67 | 120 | $ 31,041.42 |
| **Total Amount…………..** | **$ 113,230.90** | **$113,230.90** | **$ 943.57** | | **$ 113,230.90** |

### C5. Class 4 - Equity Security Holders Claims.

| Creditor | Amount Claimed or Scheduled | Interest Rate | Monthly Payment | Duration in Months | Total |
|---|---|---|---|---|---|
| Dr. Sang H. Shin, DMD | $ 100,000.00 | 0% | Unknown and contingent | Unknown and contingent | Unknown and contingent |
| **Total Amount………** | **$100,000.00** | | | | |

Dr. Sang H. Shin, DMD is owed $100,000 for pre-petition capital contributions and labor. This debt will not be paid, unless and until all other debts are paid in full.

| **TOTAL ESTIMATED PLAN DISTRIBUTIONS …………..** | **$218,679.67** |
|---|---|

C6.  Impaired Classes.   *Classes 2, 3, and 4.*

C7.  Retention of Liens.

Any creditor secured by a lien shall retain its lien securing the indebtedness until the allowed claim is paid in full.

C8.  Additional Provisions Applicable to All Classes.

The payments, distributions, and other treatment provided concerning each Allowed Claim in Article II shall be in complete satisfaction, discharge, and release of all such Allowed Claims and Allowed Interests, except as specifically otherwise expressly provided for therein.

Notwithstanding any other provision of the Plan specifying a date or time for the payment or distribution or consideration hereunder, payments and distributions concerning any Claim or Interest which at such date or time is disputed, unliquidated, or contingent shall not be made until such claim or interest becomes an allowed claim or allowed interest, whereupon such payments and distributions shall be made promptly together with any interest accrued thereon to the date of payment.

The plan debt may be prepaid at any time, in whole or in part, without premium, penalty, or discount.

## **ARTICLE III.**

A. Events of Default/Acceleration

The occurrences of any of the following shall constitute an event of default under the Plan of Reorganization:

(i)  Failure to Make Payments. Failure on the part of Debtor to pay fully, when due, any payment required to be made with the respect to the Plan debt.

(ii)  Failure to Perform Other Terms and Provisions. Failure on the part of the Debtor to perform or observe any term, condition, or provision outlined in this Plan, which failure remains uncured for a period of fifteen (15) days.

B. Notice of Certain Defaults

If any holders of Plan debt shall give any notice or take any other action concerning an alleged event of default under the plan, or if any person shall give notice to Debtor or take any other action concerning any such event or default or claimed event or default, Debtor shall forthwith give written notice thereof to each holder of Plan debt describing the event or default or alleged event or default.

## ARTICLE IV.

### A. Amendments and Waivers

Except as otherwise specifically set forth herein, any term of the Plan may be amended and the observance of any term of the plan may be waived (either generally or in a particular instance and either retroactively or prospectively) upon compliance with the provisions of the following:

(i) <u>Provisions Relating to Holders of Plan Debt.</u> Holders of Plan Debt and/or Debtor may not amend without the compliance with any term or condition of the Plan relating to or for the benefit of the holders of plan debt.

(ii) <u>Notice of Proposed Waiver or Amendment</u>. Notice of all proposed, requested, and effected waivers or amendments shall be given by Debtor to all holders of Plan debt within fifteen (15) days of the occurrence of same.

## ARTICLE V.

### A. Retention of Jurisdiction

The Court shall retain jurisdiction of this Chapter 11 case under and for the purposes outlined in Section 1127(b) of the Bankruptcy Code and to:

(i)   Determine the allowance or disallowance of claims and interests.

(ii)  Fix allowances of compensation and other administrative expenses; and

(iii) For such other matters as may be outlined in the Order Confirming Plan.

## ARTICLE VI.

### A. Executory Contracts (Leases)

Debtor is not a party to any executory contract or lease.

## ARTICLE VII.

### A. Provisions for the United States Trustee Quarterly Fees

Notwithstanding any other provision stated herein in this Plan, the quarterly fees assessed by the United States Trustee shall be paid in full upon confirmation, one hundred percent (100%)

of the amount claimed, under the provisions of the Bankruptcy Code, and Local Rules for the Southern District of Texas.

## ARTICLE VIII.

A. Headings.

The headings in this Plan are for convenience and/or reference only and shall not limit or otherwise affect the meanings hereof.

B. Notices.

All notices required or permitted to be made under the Plan shall be in writing and shall be delivered personally, by telex, or other telegraphic/telephonic means, or mailed by registered or certified mail to the following:

(i)  If to Debtor:

SANG H. SHIN, DMD, PC  DBA SHINY DENTAL
c/o **SANG H. SHIN, DMD**
1107 Gessner Rd, Ste. A
Houston, Texas  77055
(832) 930-7778 - *Telephone*
(832) 230-3740  – *Telecopier*

With copies of all correspondence to:

Samuel L. Milledge
2500 East T.C. Jester Blvd., Ste 510
Houston, Texas 77008
(713) 812-1409 - *Telephone*
(713) 812-1418 – *Telecopier*

(ii)  If to the holder of an allowed claim at the address set forth in its proof of claim or, if none, at its address set forth in the schedules prepared and filed by Debtor with the Court under Rule 1007(b);

(iii)  Notice shall be deemed given when received. Any person may change the address at which it is to receive notices under the Plan by sending written notice to Debtor's Attorney and the Clerk of the United States Bankruptcy court at 515 Rusk Avenue, 1st Floor, Houston, Texas 77002.

C. Effective Date.

For all determinations to be made under the Code concerning the plan or any claims, the effective date of the plan shall be thirty (30) days after the entry of the order confirming Debtor's Chapter 11 Plan.

*On the Effective Date, all property of the Debtor shall vest in the Reorganized Debtor, free and clear of all liens, claims, interests, and charges arising on or before the Confirmation of the Plan, except as provided in this Plan or the Confirmation Order, on the condition that the Reorganized Debtor complies with the terms of the Plans, including the making of all payments to creditors provided for in such Plan. If the Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7 prior to substantial consummation of its Plan, all property vested in the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.*

*Debtor shall pay all pre-confirmation quarterly fees on the effective date of the plan.*

*The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed under 28 U.S.C. § 1930(a)(6) until this Bankruptcy Court enters a final decree closing this chapter 11 case, or enters an order either converting this case to a case under chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with this Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.*

D. Reservation of Rights.

Neither the filing of this plan, nor any statement or provision contained herein, nor the taking by any creditor of any action concerning this plan shall (a) be deemed to be an admission against interest and (b) until the Distribution Date be deemed to be a waiver of any rights which any creditor may have against Debtor or any of their properties or any other creditors of Debtor, and until the distribution date, all such rights specifically reserved. If the distribution date does not occur, neither this plan nor any statement contained therein may be used or relied upon in any

14

manner in any suit, action, proceeding, or controversy, within or without of the reorganization case involving Debtor.

Dated: January 14, 2022.

                                  Respectfully Submitted

                                  /s/ Samuel L. Milledge
                                  Samuel L. Milledge
                                  *Attorney for Debtor-in-Possession*
                                  State Bar No. 14055300
                                  2500 East T.C. Jester Blvd., Suite 510
                                  Houston, Texas 77008
                                  (713) 812-1409 – *Telephone*
                                  (713) 812-1418 – *Telecopier*
                                  *Email: milledge@milledgelawfirm.com*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| **SANG H. SHIN DMD PC** § | CASE NO. 21-30554 |
| **DBA SHINY DENTAL** § | |
| § | **(Chapter 11)** |
| **DEBTOR IN POSSESSION** § | |

## CERTIFICATE OF SERVICE

I certify that a copy of the Debtor's AMENDED PLAN OF REORGANIZATION (12-09-21) was served upon the entities listed below by placing same in the United States Mail, first-class, postage fully prepaid, or Electronic Notice on January 14, 2022.

**DEBTOR:**
SANG H. SHIN, DMD, PC  DBA SHINY DENTAL
6655 Roxburgh, Ste. 300
Houston, TX 77041

**U. S Trustee**
515 Rusk Street
Houston, Texas  77002
Phone (713) 718-4650

**Parties Requesting Notice:**
Jung Pil Kim
c/o Andrew H. Whang
Andrew Whang & Associates, LLC
9999 Bellaire Blvd., Ste. 360
Houston, Texas  77036

John P. Dillman
Linebarger Goggan et al
1301 Travis Street, Ste. 300
Houston, TX  77002

Respectfully Submitted

/s/Samuel L. Milledge
**SAMUEL L. MILLEDGE**
*Attorney in Charge for Debtor*
Admissions No. 12736
State Bar No. 14055300
2500 East T.C. Jester Blvd., Ste. 510
Houston, Texas  77008

Alief ISD & City Houston
Perdue, Brandon, Fielder,
Collins & Mott, LLP
1235 North Loop West, Ste. 600
Houston, TX  77008

16

Creditor Matrix "Exhibit "A"

Alief I.S.D. and City Houston
c/o Perdue, Brandon, Fielder, Collins
& Mott, LLP
1235 North Loop West, Ste. 600
Houston, Texas  77008

American Express National Bank
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA  19355-0701

Harris County et al.
c/o John Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Texas  77253-3064

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas  75001

Kabbage
730 Peachtree St. NE #1100
Atlanta, Georgia  30308